UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO M.K. MOORE,

    Petitioner,

  v.

ROBERT FOX,

    Respondent.

Case No. 15-cv-3776-TEH

ORDER DISMISSING CASE

    Petitioner, Mario Moore, proceeds with a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging a judgment of conviction from the San Francisco County Superior Court. Petitioner was ordered to show cause why the petition should not be dismissed as untimely.

I

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

    Petitions filed by prisoners challenging non-capital state

1  convictions or sentences must be filed within one year of the
2  latest of the dates on which: (1) the judgment became final
3  after the conclusion of direct review or the time passed for
4  seeking direct review; (2) an impediment to filing an application
5  created by unconstitutional state action was removed, if such
6  action prevented petitioner from filing; (3) the constitutional
7  right asserted was recognized by the Supreme Court, if the right
8  was newly recognized by the Supreme Court and made retroactive to
9  cases on collateral review; or (4) the factual predicate of the
10 claim could have been discovered through the exercise of due
11 diligence.  28 U.S.C. § 2244(d)(1).

12    Petitioner's direct appeal ended in 1991.  While he filed
13 habeas petitions in 2005, the statute of limitations had already
14 expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
15 2003) ("[S]ection 2244(d) does not permit the reinitiation of the
16 limitations period that has ended before the state petition was
17 filed," even if the state petition was timely filed).  This
18 petition filed in 2015 in untimely by many years.

19                              II

20    The petition is DISMISSED as untimely.  Because reasonable
21 jurists would not find the result here debatable, a certificate
22 of appealability ("COA") is DENIED.  See Slack v. McDaniel, 529
23 U.S. 473, 484-85 (2000) (standard for COA).

24    IT IS SO ORDERED.
25 Dated: 10/07/2015

                                        _____
                                        THELTON E. HENDERSON
                                        United States District Judge

28 G:\PRO-SE\TEH\HC.15\Moore3776.dis.docx